# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION

| | |
|---|---|
| JAMES E. YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-0612-CV-W-DW-P |
| | ) |
| AL LUEBBERS, | ) |
| | ) |
| Respondent. | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 conviction and sentence for attempted statutory rape in the second degree, which was entered in the Circuit Court of Clinton County, Missouri. Petitioner raises the following two (2) grounds for relief: (1) he was denied the right to appeal; and (2) the Missouri Court of Appeals misinterpreted the element of "substantial step" when it affirmed petitioner's conviction.

## Ground 1

In Ground 1, petitioner asserts that the Missouri Court of Appeals denied him his right to appeal when it denied his petition for rehearing and application for transfer to the Missouri Supreme Court in an order dated July 27, 2004. Doc. No. 1. Respondent contends that Ground 1 is procedurally defaulted because petitioner did not raise it for review before the Missouri Supreme Court or the United States Supreme Court, nor was it raised in a post-conviction relief motion. Respondent's Exhibit F, p. 2.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied,

516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 7.

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Ground 1 will be denied.

### Ground 2

In Ground 2, petitioner contends that the Missouri Court of Appeals misinterpreted the element of "substantial step" when it affirmed petitioner's conviction. Petitioner asserts that there was insufficient evidence to support the finding that petitioner committed the crime of attempted statutory rape in the second

2

degree because the state failed to prove that he took a "substantial step" within the meaning of Mo. Rev. Stat. §564.011 (2000). Respondent's Exhibit C, p. 8-9. The Missouri Court of Appeal denied his claim as follows:

> The trial court convicted Mr. Young of attempted statutory rape in the second degree in violation of section 566.034. A person is guilty of statutory rape in the second degree if, "being twenty-one years of age or older, he has sexual intercourse with another person who is less than seventeen years of age." Section 566.034. An attempt to commit a crime, as defined by section 564.011.1, has two elements: "(1) the defendant has the purpose to commit the underlying offense, and (2) the doing of an act which is a substantial step toward the commission of that offense." **State v. Withrow, 8 S.W.3d 75, 78 (Mo. banc 1999).** Mr. Young does not dispute the sufficiency of the evidence concerning the "purpose" element. Rather, he argues that the evidence was insufficient to support a finding that he took a substantial step toward the commission of the crime.
>
> A substantial step is conduct that is "strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense." Section 564.011.1. **See also State v. Molasky, 765 S.W.2d 597, 601 (Mo. banc 1989)**. "What act or conduct will constitute a substantial step will depend on the facts of the particular case." **State v. Bates, 70 S.W.3d 532, 535 (Mo. [Ct.] App. 2002)** (quoting **Molasky, 765 S.W.2d at 601**).
>
> Mr. Young argues that this court's decision in **Bates** supports his assertion that he failed to take a substantial step toward the completion of the charged crime. Alternatively, Mr. Young asks this court to reverse the trial court's judgment based on the persuasive authority of **State. v. Duke, 709 So.2d 580 (Fla. Dist. Ct. App. 1998)**, and **State v. Kemp, 753 N.E.2d 47 (Ind. Ct. App. 2001)**. This court finds that **Bates** is not controlling here and does not find **Duke** or **Kemp** persuasive.
>
> In **Bates**, this court reversed the defendant's conviction for attempted statutory rape, holding that the defendant's mere act of sending sexually explicit letters and pictures to the victim from jail did not constitute a substantial step toward the commission of the crime. **70 S.W.3d at 537**. In particular, **Bates** held that mere conversation of a desire to become sexually active with a young girl, unaccompanied by "any other corroborative action," is insufficient to demonstrate a substantial step. **Id**. (quoting **Molasky, 765 S.W.2d at 602**).
>
> Mr. Young argues that, "other than traveling to Livingston County," the only factual difference between this case and **Bates** is that the defendant in **Bates** used the mail,

3

Case 4:05-cv-00612-DW   Document 8   Filed 10/27/05   Page 3 of 6

whereas Mr. Young used the Internet. Although Mr. Young attempts to gloss over his act of traveling to the agreed-upon meeting place, his argument points out that his conduct can be divided into two categories. First, Mr. Young communicated over the Internet and through e-mail with Sheriff Cox, who was posing as a fourteen-year-old female. During such communications, Mr. Young indicated his desire to have a sexual encounter with the minor and eventually enticed her to meet him at a prearranged meeting place. This court agrees with Mr. Young that such communications, whether via the Internet or the mail, standing alone, are insufficient to find that he took a substantial step towards committing the crime of statutory rape. Id.

The second act Mr. Young took, however, i.e., the specific act of driving to the agreed-upon meeting place, is the corroborative action specifically absent in **Bates**. **See Molasky, 765 S.W.2d at 602** (discussing cases finding evidence of seriousness of purpose when defendant engaged in conduct such as "making a cash payment, delivering a weapon, visiting a crime scene, [or] waiting for a victim" in combination with conversation). Such conduct goes beyond remote preparatory activity and unequivocally confirms a criminal design. Mr. Young communicated his desire to have sexual contact with a person he thought was a fourteen-year-old female. He arranged to meet the minor at a specific time and place. He informed the minor of the description of the car he would be driving and that he would bring condoms, lubricant, and alcoholic beverages to the encounter. Mr. Young then traveled to the rendezvous, in the vehicle described, at the appointed time, and with the promised items. Given that the minor did not actually exist, Mr. Young took every possible step he could have taken in order to commit the offense of statutory rape. Thus, considering the totality of the circumstances, this court finds that sufficient evidence supports the trial court's finding that Mr. Young took a substantial step toward the commission of the crime of statutory rape.

This court rejects Mr. Young's argument that the courts' holdings in **Duke** and **Kemp** should be persuasive. Those states define "attempt" differently than Missouri. **Duke, 709 So.2d at 582** (attempt only if conduct reaches "level of an overt act leading to the commission of sexual battery" and goes "beyond preparation and planning"); **Kemp, 753 N.E.2d at 50** (attempt requires overt act that "reach[es] far enough towards accomplishing the attempted crime as to amount to commencement of consumnation"; "overt act must go beyond preparation and planning"). Prior Missouri decisions have similarly described the "substantial step" required for an attempt as something more than mere preparation, but possibly less than the last act necessary before the actual commission of the substantive crime. This definition of "substantial step," however, was derived from the common law of attempt and section 556.150, repealed in 1977 and replaced with section 564.011, effective January 1, 1979. Prior attempt law required an overt act towards the commission of the crime, i.e., some act beyond mere preparation. **See Molasky, 765 S.W.2d at 600.** In **Molasky**, however, the Supreme Court

4

specifically stated that attempt under prior section 556.150 was a "tougher test" than the current test for attempt contained in section 564.011. **Id**. The Supreme Court, in **Withrow**, further clarified that section 564.011 has substituted proof of a "substantial step" for the common law proof of an overt act in perpetration of the crime. **8 S.W.3d at 78-79.** Thus, as this court previously noted in **Bates**, Missouri has abandoned the requirement of some act beyond mere preparation or the requirement of an overt act in attempt law. **70 S.W.3d at 538.** Moreover, **Withrow** held that "[t]o the extent cases have incorporated the four common law elements into the substantial step analysis, they should no longer be followed." **8 S.W.3d at 79** (footnote omitted).

>   Thus, Missouri cases that have continued to employ a requirement of something beyond mere preparation or an overt act have jumbled the elements of prior attempt law with elements of attempt law based on section 564.011. Missouri now recognizes only one type of attempt, i.e., section 564.011. **See Withrow, 8 S.W.3d at 78-79.** The common law concept that an attempt requires an overt act, and not mere preparation, is improper under the substantial step requirement of section 564.011. Therefore, this court overrules its prior cases that required an act beyond mere preparation or an overt act to establish a substantial step, and disagrees with our sister districts to the extent they hold otherwise.

>   Under the substantial step analysis of section 564.011, this court finds that Mr. Young completed every act that he could, because the fourteen-year-old female did not exist. His conduct was "strongly corroborative of the firmness of [his] purpose to complete the commission of the offense" of statutory rape in the second degree. Section 564.011.1. Therefore, his conduct constituted a substantial step towards the commission of the crime of statutory rape in the second degree and there was sufficient evidence to support the trial court's judgment.

Missouri v. Young, 139 S.W.3d 194, 196-98 (Mo. Ct. App. 2004) (footnotes omitted), Respondent's Exhibit E, pp. 3-7.

Petitioner has not demonstrated that the Missouri Court of Appeals' decision as to Ground 2 "was contrary to, or involved an unreasonable application of, clearly established Federal law... or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d)(1) and (2); Jackson v. Virginia, 443 U.S. 307, 324 (1979) (applicant is not entitled to habeas corpus relief if it is found that upon a review of the record, in the light most favorable to

5

the prosecution, that a rational trier of fact could have found proof of guilt beyond a reasonable doubt). Petitioner's evidentiary contention deals with an interpretation of the elements of the crime for which he was convicted. The state court obviously has interpreted the criminal statute contrary to his interests and "Jackson may not be used as a vehicle to seek a second opinion on an interpretation of state law." Stanley v. Jones, 973 F.2d 680, 682 (8th Cir. 1992), cert. denied, 507 U.S. 962 (1993); see also U.S. v. Dickson, 2005 WL 2276868 (8th Cir. Sept. 20, 2005) (evidence shows a substantial step where defendant initiated the conversation with a minor, tried to persuade her to engage in sexual activity, arranged to meet her for that purpose, and was waiting for her at the arranged time and place when he was arrested). Ground 2 will be denied.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

/s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated:  10/27/05